BEGIEBING v. JAGERHUBER et al. ˙ (No. 7161.)

(Supreme Court, Appellate Division, First Department. April 16, 1915.)

COSTS ⬩237—PREVAILING PARTY—PARTY SUCCEEDING ON ONE OF TWO APPEALS.

Plaintiff's proceeding in an action was stayed until he paid the costs of a former action for the same relief, and on his failure to pay the costs within the 20 days allowed his proceeding was permanently stayed, and on appeal from each order, presented by separate records, the first order was affirmed, and the order of permanent stay was reversed. The record on the appeal on which plaintiff was successful consisted of 8 printed pages and all the papers on which the motion was made, and the other record on appeal contained 40 printed pages and 8 pages of points on appeal, less than one of which was devoted to the order of permanent stay. *Held* that, where the record afforded no basis for separating the cost of printing the records and points necessary to each appeal the allowance to plaintiff, under the order on the appeal on which he prevailed, of all the costs of printing in both appeals and of certifying both records was erroneous.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 906, 929 ; Dec. Dig. ⬩237.]

Appeal from Special Term, New York County.

Action by Emil F. Begiebing against Max Jagerhuber, impleaded, etc. From an order denying his motion for retaxation of costs, defendant Jagerhuber appeals. Reversed, and motion for retaxation granted.

See, also, 151 N. Y. Supp. 1104.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Elkan Turk, of New York City, for appellant.
L. J. Morrison, of New York City, for respondent.

LAUGHLIN, J. On defendant's motion an order was duly made staying the plaintiff's proceedings herein until he paid the costs of a former action for the same relief, and providing that, if he failed to pay the costs within 20 days, his proceedings in the action should be stayed permanently. The costs were not paid within that time, and on motion of appellant an order was duly entered permanently staying plaintiff's proceedings in the action. The plaintiff appealed from each of these orders, and the appeals were presented on separate records:

We affirmed the first order, with $10 costs and disbursements, and we reversed the order permanently staying plaintiff's proceedings in the action, with $10 costs and disbursements, and denied the motion, with $10 costs. The plaintiff, under the order on the appeal on which he was successful, taxed all his costs of printing on both appeals, which includes $37.95, the cost of printing both records, and $7.85, the cost of printing the points, which were combined for both appeals, and $4.50, the cost of certifying both records, and he has succeeded in sustaining such taxation on the theory that all of his disbursements for printing were necessary to review the order permanently staying his proceedings. That contention is not sustained by the facts.

The record on the appeal on which the plaintiff was successful consisted of 8 printed pages, and that order was based on the first order and on an affidavit showing nonpayment of the costs within 20 days. The record on that appeal contained all of the papers upon which the motion was made. The other record on appeal contained 40 printed pages. The plaintiff's points on the appeals consisted of 8 printed pages, less than one of which was devoted to the order permanently staying the proceeding. The learned counsel for the respondent is quite right in his contention that the record does not afford a basis upon which this court can separate the cost of printing the records and points, essential to each appeal, owing to the fact that there is no affidavit showing separately the cost of printing the two records, or showing the cost of printing the points per page. It concededly appears, however, that the total disbursements taxed for printing and for certifying the records were not incurred on the appeal on which the plaintiff was successful, and therefore the taxation as made cannot be permitted to stand.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion for retaxation granted, with $10 costs, and the clerk directed to retax the disbursements by allowing only the plaintiff's disbursements for printing the record on the appeal in which he succeeded, and the proportionate cost of printing the points applicable thereto, and of certifying that record only. Settle order on notice. All concur.